United States District Court
Southern District of Texas
**ENTERED**
August 06, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHARLETHA IRVIN, | § | CIVIL ACTION NO. |
| Plaintiff, | § | 4:19-cv-03688 |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| EQUIFAX INFORMATION SERVICES, LLC, *et al.*, | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER
GRANTING MOTION TO DISMISS**

The motion to dismiss by Defendant Trans Union LLC is granted. Dkt 20. The claims brought against it by Plaintiff Charletha Irvin under the Fair Credit Reporting Act are dismissed without prejudice.

1.  Background

Irvin previously had a credit file open with Conn Credit Corporation, Inc, but it had been charged off and closed in June 2016. Dkt 1 at ¶ 9. When Irvin obtained her credit disclosure from Trans Union in February 2019, it still listed a trade line with a scheduled monthly payment to Conn Credit. Id at ¶ 8. Irvin submitted a letter to Trans Union disputing the trade line in March 2019. Id at ¶ 13.

Trans Union forwarded the dispute letter to Conn Credit. Id at ¶ 15. Irvin received reinvestigation results from Trans Union in April 2019, which showed it didn't change the trade line. Id at ¶ 22. Irvin then obtained her Trans Union credit disclosure in May 2019. It continued to show the trade line monthly payment amount. Id at ¶ 23.

Irvin sued, asserting claims against multiple defendants alleging violations of the Fair Credit Reporting Act and the Fair Debt Collection Practices Act. The only remaining defendant is Trans Union. Irvin alleges that it inaccurately reported the trade line on her Conn Credit disclosure. Trans Union moved to dismiss. Dkt 20.

2. Legal standard

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a plaintiff's complaint to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) allows the defendant to seek dismissal if the plaintiff fails "to state a claim upon which relief can be granted." To survive a Rule 12(b)(6) motion to dismiss, the complaint "must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v Taylor*, 503 F3d 397, 401 (5th Cir 2007), quoting *Bell Atlantic Corp v Twombly*, 550 US 544, 555 (2007).

Review on motion to dismiss under Rule 12(b)(6) is constrained. The reviewing court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Walker*, 938 F3d at 735 (citations omitted). The court must also generally limit itself to the contents of the pleadings and its attachments. *Brand Coupon Network LLC v Catalina Marketing Corp*, 748 F3d 631, 635 (5th Cir 2014) (citations omitted). But a notable exception allows a defendant to attach documents "if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v Morgan Stanley Dean Witter,* 224 F3d 496, 498–99 (5th Cir 2000), quoting *Venture Associates Corp v Zenith Data Systems Corp,* 987 F2d 429, 431 (7th Cir 1993).

3. Analysis

Trans Union attached its reinvestigation results to its motion to dismiss. Dkt 20-3. Irvin referred to these results in her complaint. Dkt 1 at ¶ 22. They are central to her claims and are undisputed. As such, they will be considered as part of the pleadings for purposes of deciding the motion to dismiss.

The following image depicts the credit report at issue.

> **File Number:** ▮▮▮▮  Page 5 of 10
> **Date Issued:** 04/23/2019
>
> **INVESTIGATION RESULTS - DISPUTED INFORMATION UPDATED: A change was made to the item(s) based on your dispute.**
>
> **CONN APPLIANCES, INC** ▮▮▮ ( PO BOX 2358, BEAUMONT, TX 77704-2358, (409) 832-4528 )
> We investigated the information you disputed and updated: **Not specified**. Here is how this item appears on your credit report following our investigation.
>
> | | | | |
> |---|---|---|---|
> | Date Opened: 10/15/2013 | Balance: $0 | Pay Status: | Current; Paid or Paying as Agreed |
> | Responsibility: Individual Account | Date Updated: 06/17/2016 | | |
> | Account Type: Installment Account | Last Payment Made: 06/17/2016 | Terms: | $84 per month, paid Monthly for 32 months |
> | Loan Type: SECURED | High Balance: $2,528 | Date Closed: | 06/17/2016 |
> | | | >Maximum Delinquency of 30 days in 10/2015< | |
>
> Remarks: CLOSED
>
> | Rating | 05/2016 | 04/2016 | 03/2016 | 02/2016 | 01/2016 | 12/2015 | 11/2015 | 10/2015 | 09/2015 | 08/2015 | 07/2015 | 06/2015 |
> |---|---|---|---|---|---|---|---|---|---|---|---|---|
> | | OK | OK | OK | OK | OK | OK | OK | 30 | OK | OK | OK | OK |
>
> | Rating | 05/2015 | 04/2015 | 03/2015 | 02/2015 | 01/2015 | 12/2014 | 11/2014 | 10/2014 | 09/2014 | 08/2014 | 07/2014 | 06/2014 |
> |---|---|---|---|---|---|---|---|---|---|---|---|---|
> | | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK |
>
> | Rating | 05/2014 | 04/2014 | 03/2014 | 02/2014 | 01/2014 | 12/2013 | 11/2013 | 10/2013 |
> |---|---|---|---|---|---|---|---|---|
> | | OK | OK | OK | OK | OK | OK | OK | OK |

Dkt 20-3 at 6. The outlined entries include the "Terms" field, showing a monthly payment of $84.00 to Conn Appliances, Inc. They also include indication of a $0 balance owing, with an overall closing date in June 2016.

Irvin asserts claims against Trans Union under 15 USC §§ 1681e(b) and 1681i of the FCRA. Dkt 1 at ¶¶ 57–58, 64–65. The former states and requires credit reporting agencies like Trans Union to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 USC § 1681e(b). The latter states and requires that if a consumer disputes "the completeness or accuracy of any item of information" contained in her consumer file "at a consumer reporting agency," "the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate." 15 USC § 1681i(a)(1)(A).

A *factual inaccuracy* is textually an essential element of both claims. See *Elliott v TRW Inc*, 889 F Supp 960, 962 (ND Tex 1995) (offensive information in credit report must be inaccurate for liability under §§ 1681e(b) and 1681i); see also *Washington v CSC*

*Credit Services, Inc*, 199 F3d 263, 267 n 3 (5th Cir 2000) (inaccuracy necessary to make out *prima facie* violation under § 1681e(b)); *Morris v Trans Union LLC*, 420 F Supp 2d 733, 751 (SD Tex 2006), affd, 224 F Appx 415 (5th Cir 2007) (inaccuracy necessary to bring claim under § 1681i(a)(1)(A)).

Trans Union has moved to dismiss, asserting as to both claims that its disclosure isn't inaccurate. Dkt 20 at 5, 13. A factually similar suit was recently dismissed on this basis in the Southern District of Texas. See *Martin v Equifax Information Services, LLC*, 2020 WL 1904496 (SD Tex). A furnisher of information to a credit-reporting agency there moved to dismiss claims against it under provisions of the FCRA applicable to furnishers of information to consumer reporting agencies. Id at *1, citing 15 USC §§ 1681s-2(b)(1)(A) and 1681s-2(b)(1)(D)–(E). As with the statutory claims asserted here, a factual inaccuracy is an essential element of those claims. Ibid. And as here, the account in *Martin* clearly showed that it was charged off and closed, while at the same time referencing monthly payment amounts owed. Compare id at *2, with Dkt 20-3 at 6.

District court authority is somewhat divided on the question whether reporting of historical payment terms is inaccurate where the credit report also shows an account as closed with no balance owing. For instance, Irvin cites *Lovelace v Equifax Information Services, LLC*, 2019 WL 2410800, *4 (D Ariz), and *Ellis v Equifax Information Services, LLC*, 2019 WL 3503538, at *4 (ND Ga), report and recommendation adopted, 2019 WL 5406558 (ND Ga). But Trans Union correctly notes that such cases either didn't consider complete information showing the subject account as closed with a $0 balance or dealt with an account that was incorrectly reporting an owed balance. Dkt 27 at 3–6.

Trans Union points to a number of other cases where courts have granted motions to dismiss where information in the "Terms" field comes with notation of the account as closed with no balance remaining. For instance, see *Meeks v Equifax Information Services, LLC*, 2019 WL 1856411, *6 (ND Ga), report and recommendation adopted, 2019 WL 1856412 (ND Ga) (credit report not inaccurate where it showed account was closed, charged off, and with $0 balance while also showing payment

4

terms of $613 per month); *Harris v Nissan-Infiniti LT*, 2018 WL 2741040, *3–4 (D Nev) (credit report not inaccurate where it showed plaintiff's bankruptcy payment obligation as closed, discharged through bankruptcy, and with $0 balance while also showing balloon payment of $32,262); see also *Rodriguez v Trans Union LLC*, 2019 WL 5565956, *3 (WD Tex) (credit report not inaccurate where it showed account was closed, charged off, and paid in full with $0 balance while also showing payment terms of $245 per month). These cases are persuasive.

The Fifth Circuit holds, "A credit entry may be 'inaccurate' within the meaning of the statute either because it is patently incorrect, or because it is misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions." *Sepulvedo v CSC Credit Services, Inc*, 158 F3d 890, 895 (5th Cir 1998). Plaintiff doesn't dispute that her credit report included notations that the account was charged off and closed in June 2016 with a $0 balance. Dkt 26 at 6, 7; Dkt 20-3 at 6. That information isn't inaccurate. And historical information about an account simply isn't misleading or patently incorrect where all information taken together establishes that an account is no longer active.

The disputed trade line on Plaintiff's credit report doesn't create an inaccuracy. *Martin,* 2020 WL 1904496 at *2; *Rodriguez,* 2019 WL 5565956, at *3. As such, Irvin hasn't pleaded facts supporting her conclusory allegation that the disputed trade line was inaccurate.

    4. Conclusion

The motion to dismiss is GRANTED. Dkt 20.

The claims brought against Trans Union are DISMISSED WITHOUT PREJUDICE.

SO ORDERED.

Signed on August 6, 2020, at Houston, Texas.

*/s/ Charles R Eskridge III*
Hon. Charles Eskridge
United States District Judge

5